UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LEONARD F. MANUS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.   1:04-CV-419 TLS |
| ALLEN COUNTY COMMUNITY CORRECTIONS, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

*OPINION AND ORDER*

Leonard Manus, a prisoner confined at the Allen County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging that Allen County and Indiana Department of Correction ("IDOC") officials violated his federally protected rights by returning him to an IDOC facility from an Allen County minimum security program.

The Court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss,

> no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Manus brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Manus alleges that on March 16, 2004, the IDOC released him to the Allen County Community Corrections program. Three days later, according to the Complaint, Allen County Community Corrections program director Amy Kruger had him returned to the Indiana Department of Correction without a reason and without due process. Mr. Manus states that he was transported to the New Castle Correctional Facility, where Dr. Dobyins told him the Allen County Community Corrections officials did not know he was sick when they put him in their program.

Manus states that he was transferred from the Indiana Department of Correction to the Allen County Community Corrections program, apparently to serve out the balance of his sentence in a minimum security status. He alleges that he was returned to the New Castle Correctional

Facility without a hearing. The Court construes these allegations as a Fourteenth Amendment due process claim.

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." The due process clause, however, does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner, *Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citing *Meachum v. Fano*, 427 U.S. 215, 222 (1976)), nor does it guarantee a prisoner a particular security classification, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Whitford v. Boglino*, 63 F. 3d 527, 532 (7th Cir. 1995), or the right to be housed in a particular prison or other facility. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (prisoner not entitled to process even where the transfer may be said to involve substantially burdensome consequences); *Meachum v. Fano*, 427 U.S. at 224 (not every "change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the Due Process Clause").

State laws may create liberty interests, but those interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In *Sandin* the Supreme Court found that transferring a prisoner from the general population to segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and was "within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. Transfers to more restrictive, less amenable quarters are within the ordinary terms of confinement. See *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995).

3

In this case, Manus had no constitutionally protected liberty interest in his minimum security classification, so prison officials could transfer him to a higher security facility "for whatever reason or for no reason at all" without affording him the procedural safeguards required by the Fourteenth Amendment. *Shango v. Jurich*, 681 F. 2d 1091, 1100 (7th Cir. 1982). Because Manus was a convicted felon committed to the Indiana Department of Correction, the fact that the Defendants may have returned him to an IDOC facility from a minimum security program without due process does not state a claim on which relief can be granted.

For the foregoing reasons, the court DISMISSES this Complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED on April 28, 2005.

                                                             S/ Theresa L. Springmann
                                                        THERESA L. SPRINGMANN
                                                        UNITED STATES DISTRICT COURT